# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | | |
|---|---|---|
| LAJIM, LLC, PRAIRIE RIDGE GOLF | ) | |
| COURSE, LLC, LOWELL BEGGS, and | ) | |
| MARTHA KAI CONWAY, | ) | |
|                Plaintiffs, | ) | No. 13 CV 50348 |
| | ) | Magistrate Judge Iain D. Johnson |
| v. | ) | |
| | ) | |
| GENERAL ELECTRIC CO., | ) | |
|                Defendant, | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs LAJIM, Prairie Ridge Golf Course, Lowell Beggs, and Martha Conway have sued General Electric for injunctive relief and damages allegedly caused by contaminated groundwater and soil under Beggs's golf course and adjacent home. The Court previously granted General Electric's motion for summary judgment on the state-law claims, denied General Electric's motion for summary judgment under the Resource Conservation and Recovery Act ("RCRA"), and granted the plaintiffs' motion for summary judgment on that claim, but only as to liability. Dkt. 88. The Court has yet to resolve the plaintiffs' claim for injunctive relief under RCRA. Moreover, plaintiffs' claims based on the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §9601 *et seq.*, were not addressed in this round of summary judgment briefing.

Before the Court are motions filed in response to the Court's summary judgment order. First, General Electric seeks certification to take an interlocutory appeal and for an interim stay of proceedings in this Court. Dkt. 89. Meanwhile, the plaintiffs filed a motion for interim costs and fees. Dkt. 101. At the Court's request, the parties also filed a joint position paper on how to proceed on the plaintiffs' request for injunctive relief under RCRA. Dkt. 99. Although the parties not surprisingly disagree as to how proceed, the joint status report was extremely helpful, and the Court thanks counsel for their efforts in this regard. For the reasons that follow, General Electric's petition for certification and for a stay [89] is denied, the plaintiffs' motion for interim costs and fees [101] is denied, and the plaintiffs' request in the joint position paper for appointment of a special master is denied without prejudice.

## I. INTERLOCUTORY APPEAL

General Electric seeks certification under 28 U.S.C. § 1292(b), which allows a party to appeal an interlocutory order if the issue to be appealed (1) involves a controlling question of law, (2) the question of law is contestable (*i.e.* there is a substantial ground for difference of opinion), and (3) the immediate appeal would materially advance the disposition of the litigation. 28 U.S.C. § 1292(b); *Ahrenholz v. Board of Trustees of the Univ. of Ill.*, 291 F.3d 674, 675 (7th Cir. 2000). To appeal, a party must obtain authorization from both the district and then the appellate courts. 28 U.S.C. § 1292(b); *People Who Care v. Rockford Bd. of Educ. Dist. No. 205,*

921 F.2d 132, 134 (7th Cir. 1991). The requirements balance the need for interlocutory appeals in extraordinary instances with the interest in keeping the court system efficient and not interjecting on every motion presented at the district court. *Ahrenholz,* 291 F.3d at 677. Under *Ahrenholz*, the "denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable." *Id.* at 676.

### A.    Controlling Question of Law

A controlling question of law involves "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id.* Typically a question of law is one that an appellate court can "decide quickly and cleanly without having to study the record." *Id.* 677. The question is controlling "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp., v. Tushie–Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir.1996).

General Electric contends that its proposed appeal involves a controlling question of law, specifically, whether RCRA prohibits a citizen suit if the state has already sued the defendant under a state law similar to or "in lieu of" § 6972(a)(1)(B) of RCRA program. *See* 42 U.S.C. § 6972(b)(2)(C)(i). The Court generally agrees that the issue is, in fact, a question of law. But the plaintiffs argue that the question of law is not "controlling" because it would not likely end litigation if answered in the movant's favor. Specifically, they argue that to find in favor of General Electric, the Court would also have had to find that General Electric's state suit was being diligently prosecuted, a finding the Court explicitly declined to address. *See* 42 U.S.C. § 6972(b)(2)(C)(i). Because the Court never addressed the diligent prosecution prong of the citizen suit inquiry, General Electric would not prevail even if the Seventh Circuit favored General Electric's argument regarding "in lieu of." Thus, to further the litigation, the diligent prosecution issue must first be addressed, which would require the kind of focus on the record that takes the issue beyond the scope of an appropriate interlocutory appeal. *See NMHG Financial Services, Inc. v. Wickes Inc.*, No. 07 CV 2962, 2007 U.S. Dist. LEXIS 77886, at **6-7 (N.D. Ill. Oct. 17, 2007) (issues that require an analysis of the factual record are not controlling questions of law for purposes of certification of interlocutory appeals)

### B.    Contestable

A question of law is contestable if there is substantial ground for a difference of opinion. 28 U.S.C. § 1292(b); *Ahrenholz*, 219 F.3d at 675. A substantial ground for a difference of opinion exists if there is a "'difficult central question of law which is not settled by controlling authority,' and a 'substantial likelihood' exists that the district court's ruling will be reversed on appeal." *Republic Bank of Chicago v. Desmond*, No. 13 CV 6835, 2015 U.S. Dist. LEXIS 93020, at *11 (N.D. Ill. July 17, 2015).

Although in *Adkins v. VIM Recycling, Inc.*, 644 F. 3d 483, n.2 (7th Cir. 2011), the Seventh Circuit specifically declined to address the "in lieu of" argument General Electric now advances, the argument was addressed by the district court in *Mejdreck v. Lockformer Co.*, No. 01 CV 6107, 2002 U.S. Dist. LEXIS 14785 (N.D. Ill. Aug. 9, 2002). In *Mejdreck*, the court rejected the argument that a state court lawsuit brought under the Illinois Environmental

Protection Act barred a citizen suit under RCRA because the court noted that under the statute only prior lawsuits brought under § 6972(a)(1)(B) of RCRA barred citizen suits. Moreover, the approach taken in *Mejdreck* and adopted here followed the rules of statutory construction that focus on a statute's plain meaning. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997) ("If the language at issue has a plain and unambiguous meaning, then that meaning controls."). General Electric has not presented authority rejecting that approach, and thus has not established a substantial ground for a difference of opinion.

      C.    <u>Materially Advance the Disposition of the Litigation</u>

The final requirement of § 1292(b) is that the interlocutory appeal would materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). General Electric contends that an interlocutory appeal would materially advance the litigation because a favorable decision from the Seventh Circuit "will moot efforts by this court to now require the parties to engage in further proceedings to determine whether injunctive relief is available." Motion [Dkt. 89 at 6]. However, as noted above, even if General Electric succeeds on appeal on its "in lieu of" argument, this Court must still address whether the state proceeding has been diligently prosecuted. If the plaintiffs are able to show that the state prosecution has not been diligent, General Electric would not have established that the citizen suit is barred, and the case would proceed to the injunctive relief phase just as it is now. Therefore, success on the "in lieu of" argument would not, by itself, moot the RCRA claim. Moreover, the parties sought summary judgment on only the RCRA claim, meaning they must still litigate the plaintiffs' claims under CERCLA. . Because multiple issues would remain unresolved, even if General Electric succeeded on an interlocutory appeal, the appeal would not materially advance the ultimate termination of the litigation. *Republic Bank*, 2015 U.S. Dist. LEXIS 93020, at *11 (the existence of other unresolved issues means even a successful interlocutory appeal would not significantly advance the litigation).

Given that the question of law at stake has not been shown to be controlling, and an interlocutory appeal in favor of General Electric would not materially advance the disposition of the litigation, the Petition for Certification is denied, and the request for a stay pending an interlocutory appeal is denied as moot.

## II.    Motion for Interim Costs

The plaintiffs filed a motion for leave to file an interim bill of costs and advised that they also plan to file a motion for interim fees. In support, the plaintiffs contend that under RCRA they are entitled to costs and fees as "the prevailing or substantially prevailing party." 42 U.S.C. § 6972(e). They contend an additional source of authority to award costs is found in Federal Rule of Civil Procedure 54(d)(1), which allows costs to the prevailing party. They argue that they are the prevailing party under both RCRA and Rule 54 because the Court granted their motion for summary judgment as to liability under RCRA.

To be prevailing, a party must have obtained an enforceable judgment, a court-ordered consent decree based on a settlement, or an award of damages. *See Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 603-04 (2001).

A plaintiff who obtained a judgment that he was wronged but no "action (or cessation of action) by the defendant that the judgment produces-the payment of damages, or some specific performance, or the termination of some conduct" is not a prevailing party. *Hewitt v. Helms*, 482 U.S. 755, 7601 (1987) ("The real value of the judicial pronouncement--what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion--is in the settling of some dispute which affects the behavior of the defendant towards the plaintiff."). The plaintiffs have cited no case in which interim fees were awarded.

The plaintiffs proposed the bifurcated approach the Court took under which the issue of injunctive relief will be separately addressed. Without injunctive relief, the plaintiffs have only an order establishing liability, not a judgment granting relief, the scope of which and right to the parties will be briefing. Accordingly, the plaintiffs are not yet "prevailing parties" entitled to fees or costs. The Court notes that the case on which the plaintiffs here relied and modeled their bifurcated approach sought fees not after obtaining a judgment of liability in 2002, but rather five years later in 2007, after obtaining relief in the form of a court-ordered environmental study. *See Maine People's Alliance v. Holtrachem Manufacturing Co.*, No. 00 CV 69, U.S. District Court, District of Maine, Dkts. 331 (plaintiff's memorandum in support of fees) and 356 (order denying motion for fees). Notably, the court in *Maine People's Alliance* denied the motion as premature because no final order had issued. *Id.* at Dkts. 331 (plaintiff's memorandum in support of fees) and 356 (order denying motion for fees). Only now are the parties in that case briefing the issue of costs and fees. *See* Dkts. 842 and 847.

Accordingly, the plaintiffs here are not yet prevailing parties, and therefore any request for interim fees and costs is premature.

## III.    Special Master

In the parties' joint position paper, the plaintiffs propose appointment of a special master to assist the Court in its decisions on their request for a preliminary injunction. In support, the plaintiff cited a case in which a special master was appointed, *Interfaith Comm. Org. v. Honeywell Int'l, Inc.,* 263 F.Supp.2d 796, 834 (D.N.J. 2003), but did not otherwise identify under what authority the Court could make such an appointment, set out who the special master would be or identify who would bear the costs. The parties and Court discussed the issue further at oral argument, including the possibility of utilizing the expertise of the Illinois Environmental Protection Agency, which is already involved in the ongoing state proceeding. However, the Court is not persuaded at this time to appoint a special master given the Court's role as ultimate finder of fact, as well as the financial burden a special master would entail. Additionally, at this time, the Court is not convinced that the issues in this case are so complicated and time consuming that a special master is warranted. Without doubt, environmental litigation can be complicated and protracted. However, much of this Court's docket, as well as the dockets of other federal judges around the country, is complicated and protracted. But federal judges should not run in fear from such cases, even when the cases involve (gasp!) matters of science. Accordingly, the request for a special master at this point is denied without prejudice.

## IV. Preliminary Injunction Proceedings

In light of the parties' views expressed in their joint status report as well as discussions during oral argument, the Court shall proceed to the preliminary injunction phase as follows. At the parties' request, the Court shall proceed with briefing. As the Court previously concluded in its decision on the motions for summary judgment, to obtain injunctive relief under RCRA the plaintiffs must establish not only liability, but must also satisfy the traditional elements of injunctive relief even where a statute specifically authorizes that type of relief. *United States v. Bethlehem Steel Corp.*, 38 F.3d 862, 867 (7th Cir. 1994) (citing *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531 (1987)). Thus, the plaintiffs must also show (1) an irreparable injury, (2) an inadequate remedy at law, (3) the balance of hardships weighs in favor of an injunction, and (4) the public interest would not be disserved by a permanent injunction. *Maine People's Alliance & Natural Resources Defense Council v. Mallinckrodt, Inc.*, 471 F.3d 277, 296 (1st Cir. 2006). The parties need not brief the underlying issue of whether these elements must be met. The Court recognizes that it has changed its position in regard to the need for briefing on this issue. The plaintiffs have preserved their record with regard to this issue so no further briefing is necessary. The parties efforts and the Court's time are better spent in addressing whether injunctive relief is available and required under the facts of this case, and if so, the extent of that relief. Briefing will therefore be limited as follows: (1) whether the plaintiffs can establish the traditional required elements for injunctive relief; (2) whether the plaintiffs' request for relief is moot because of the Consent Order entered in the state proceeding; and (3) the possibly related issue of whether this Court can contradict or second-guess determinations made by the IEPA or the court in the state proceeding. The plaintiffs' memorandum in support of injunctive relief shall be filed by 3/11/2016, General Electric shall respond by 4/1/2016, and the plaintiffs shall reply by 4/15/2016. If oral argument is required, the Court shall set a date for a hearing. Otherwise, the Court will rule by mail.

## V. Conclusion

For the reasons given, the motion for certification and an interim stay [89] is denied, the motion for interim fees and costs [101] is denied, the request for appointment of a special master is denied without prejudice, and briefing limited to the issues identified above shall proceed as follows: plaintiffs' memorandum shall be filed by 3/11/2016, General Electric's response shall be filed by 4/1/2016, and the plaintiffs' reply shall be filed by 4/15/2016. The Court urges the parties to consider the possible benefits of a settlement conference, perhaps one coordinated with the parties to the state court proceeding between the Illinois Environmental Protection Agency and General Electric. If they believe a settlement conference would be beneficial, they may express their interest by jointly contacting the Court's operations specialist at the e-mail address on the Court's website.

Date: February 17, 2016     By: _____
                                Iain D. Johnston
                                United States Magistrate Judge